BENJAMIN B. WAGNER
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR NO.  13-046-KJM |
| Plaintiff, | ) |
| v. | ) **U.S. SENTENCING MEMORANDUM** |
| JOHN G. POLAND, | ) |
| Defendant. | ) |

On 5/22/13, Poland pled guilty to Count 4, Obstruction of an Official Proceeding.  18 USC 1512(c)(1)-(2).  Through the PSR, this Court's Officer found the applicable USSG range to be  18 - 24 months and recommended, among other things, a low end sentence of 18 months.

Hereby, the United States objects to information added to the PSR based on an 8/14/13 letter Poland submitted to the Probation Office.  The United States also objects to certain of Poland's attachments to the 8/14/13 letter (unsigned purported letter of Cynthia C. and unsigned purported letter of Terre P).  The United States submits that through the 8/14/13 letter and Poland's generation of its associated documents, Poland -- by his own action and not by motion of the United States -- may not be entitled to reduction for acceptance of responsibility.

1. The United States objects to all reference to Poland's responses to polygraph questions and so-called polygraph results. Such information is not reliable. The federal courts routinely do not consider such information even under a preponderance standard. The polygraph is only informative in highlighting Poland continued effort to discredit AW, his then minor female victim.

2. The United States objects to all statements in the 8/14/13 letter regarding victim AW. Such statements are discredited by Poland himself -- through the Plea Agreement's Fact Statement -- which Poland adopted and swore to the Court was true.

Two former South Tahoe High School students provided law enforcement statements in which each admitted engaging in voluntary sex acts with Poland while they were 17 and while he was the school resource officer. During the grand jury investigation, Poland attempted to have 1 of the 2 girls (victim AW) withhold evidence called for by her grand jury subpoena. Poland also directed and instructed AW to provide false testimony to the grand jury.

Specifically, on December 15, 2011, FBI interviewed AW in connection with her appearance before a federal grand jury. AW stated that she engaged in sexual activity with Poland in October 2003 while she was a 17 year old senior in high school. Poland was at the time a 35 year old School Resource Officer. AW stated that on at least one occasion while she was 17 years old, Poland digitally penetrated her vagina. Their meetings took place in secluded spots Poland suggested. Their meetings occurred both while he was on duty and off, including occasions when he took her home from babysitting his children. AW stated she did not have sexual intercourse with Poland until after her 18th birthday and her graduation from high school. While a minor and 18 year old student in high school, Poland gave her several gifts, including music CDs and Dallas Cowboys shorts and halter top, which he had shipped to the high school so that his wife would not know about them. Poland acknowledged his sexual relationship with AW by signing AW's high school yearbook with a hand written entry including "I will always hope the best for you and will always be here for anything you might need IE ... A shoulder to cry on, a Hug, Kiss... (Take Forgranted [sic] Terre [Poland's wife] isn't around). I do appreciate your individual time that you give me and look forward to the days (and nights) ahead!"... "You are a special person to me [Victim 1's first name]! I love you (Shhh!) [heart symbol] JP P.S. I don't think you suck in bed!"

On December 20, 2011, AW spoke with Poland in a consensually recorded telephone conversation. During the conversation, AW informed Poland that she had appeared before the grand jury and that law enforcement seemed to know everything about their relationship, including their meetings at a particular motel in South Lake Tahoe. Since [AW]'s grand jury testimony had been continued and more was to be provided, Poland corruptly influenced her by characterizing his illicit sexual contact with her as merely an affair: "Oh well, so you and I had an affair, fucking lock me up." Poland attempted to persuade AW to tell law enforcement that the police were out to get him. Poland attempted to influence her testimony by claiming another witness (VC) was a "crazy bitch." When AW told Poland that her subpoena compelled her to produce emails and whatever gifts Poland had given her, Poland attempted to persuade her to destroy evidence by repeatedly telling her "You can't take what you don't have."

See Plea Agreement, Exhibit A (bracketed text supplied).

3. The United States objects to PSR inclusion, and this Court's consideration, of all statements in the 8/14/13 letter referring to information in purported letters from Cynthia C. and Terre P. Specifically, the United States moves to strike all information in the 8/14/13 letter and the purported letters relating to the conduct of the underlying investigation, law enforcement actions undertaken to arrive at the truth via federal tools (including witness interviews and grand jury testimony), and false characterizations of federal personnel. The Cynthia C. and Terre P. purported letters are not reliable, unsigned, and contradict statements made to federal law enforcement. By contrast, the law enforcement personnel (FBI Special Agents) documented these witnesses' statements and documented interview situational events within close proximity (time) of each interview. The United States has filed in support of this objection, the federal agents' interview memoranda. Moreover, to the extent the 8/14/13 letter and purported letters are informative, such highlight Poland's continued efforts to discredit others and manipulate women around him to view him (Poland) as a victim and thereby obtain sympathy and credit.

4. The United States also objects to Poland's claims that he has had a positive law enforcement career. The United States adopts the conclusion of Senior USPO Linda Alger in the Probation Office's response to this claim. The conclusion hits the mark and it bears repeating.

> Mr. Poland's career in law enforcement was remarkable only for all of the misdeeds in which he participated while working in a position of trust within his community. He engaged in inappropriate conduct with young girls; conducted illegal records checks on people in his community; was dating a drug addict with gang ties and provided her confidential information about her associates; threatening the safety of his fellow officers; showed up intoxicated at SG's home and refused to leave causing her to call the police; and attempted to unduly influence witnesses called to testify against him. This conduct does not weigh in the defendant's favor for a variance.

USPO Letter (8/21/13) at page 6.

Dated: 8/28/2013                    BENJAMIN B. WAGNER
                                    United States Attorney

                                         /S/Michelle Rodriguez
                                    By: _____
                                    MICHELLE RODRIGUEZ
///                                 Assistant U.S. Attorney